**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2009

Charles R. Fulbruge III
Clerk

No. 09-60274

TIMOTHY R. JONES, JR.,

Plaintiff-Appellant

v.

NES EQUIPMENT SERVICES CORP., doing business as Nes Rentals,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07cv427 HTW-LRA

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Timothy R. Jones, Jr. appeals from a jury's verdict rejecting his attempt to recover for injuries sustained when a truck driven by Dennis McAdory, an employee of Defendant-Appellee NES Equipment Services Corp. ("NES"), struck him as he was walking in a McDonald's parking lot. We affirm the jury's verdict.

Jones attacks several of the district court's evidentiary rulings, jury

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instructions, and jury verdict forms. The gravamen of these complaints is Jones's theory that the truck's anti-lock braking system ("ABS") had been disabled three months before the accident (a disputed issue of fact at trial) and that the unavailability of the ABS prevented McAdory from stopping the truck before it struck Jones. McAdory's contradicted testimony that the ABS had been disconnected at the direction of his supervisors at NES was all that was proffered by Jones in support of this allegation.

Jones contends that the district court erred when, pursuant to its gate-keeping functions under *Daubert*,[1] it barred testimony from Jones's expert on accident reconstruction regarding the effects of the allegedly-disconnected ABS. Jones advances that a similar error infected the district court's refusal to adopt his proposed jury instructions and jury verdict forms articulating his ABS-causation theory, which Jones claims was supported by McAdory's trial testimony that he would have been able to stop if the ABS had been functioning.

We are satisfied that the district court did not abuse its discretion in making those rulings.[2] First, the pre-trial *Daubert* report of Jones's expert did not mention or discuss the potential role of the ABS in the instant accident, as it should have to comply with Fed. R. Civ. P. 26(a)(2)(B).[3] Similarly, because McAdory had not been "qualified" as an expert, as required under *Daubert* and Fed. R. Evid. 701 and 702, his lengthy lay opinion testimony regarding the technical operation and effects of the ABS, as compared to those of standard brakes under particular circumstances, was not competent to support jury

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1983); Fed. R. Civ. P. 26.

[2] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (citations omitted).

[3] The ABS issue had been the subject of pre-trial motions *in limine* in which Jones had prevailed, and yet Jones nevertheless failed to amend or supplement his expert's report before trial.

instructions or interrogatories advancing Jones's ABS-causation theory. Thus, the district court did not err in excluding such testimony.[4]

Jones also contends that the district court erred in admitting the testimony of NES's medical and accident reconstruction experts and in refusing to dismiss an allegedly biased juror for cause.[5] We have reviewed these assertions and find them to be without merit. Consequently, the district court's rulings with respect to the admissibility of the testimony of NES's experts and its handling of voir dire were not erroneous.

Furthermore, Jones's litany of complaints regarding his inability to pursue his theory of causation is unavailing in the light of the issue that in large part controls the outcome of this case, *viz.*, scope-of-employment. Even if McAdory was using his employer's truck at the time of the accident, the jury found that he was doing so on a mission that was outside the scope of his employment. Oddly enough, Jones never challenges the jury's finding on this nearly dispositive issue, *viz.*, that McAdory was not acting as NES's agent when the truck he was driving caused Jones's injuries.

For the foregoing reasons, the challenged rulings of the district court and the verdict of the jury are AFFIRMED.

---

[4] Because the ABS theory of causation also supported Jones's claim that NES was directly — in addition to vicariously — liable because it failed to inspect or maintain the ABS brakes in the truck, the district court also properly denied Jones's jury instruction and verdict form on the "failure to inspect" theory, again on valid *Daubert* grounds.

[5] We note that Jones could have used a peremptory challenge to ensure that this juror was not seated, but Jones chose not to do so.